**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>HAYDEN SWEET, | CASE NO. 1:23-CR-36-HAB |

**OPINION AND ORDER**

Before the Court is Defendant Hayden Sweet's ("Sweet") *pro se* Motion for Early Termination of Probation pursuant to 18 U.S.C. § 3564(c) ("the Motion") (ECF No. 49). As is customary for such requests, the Court directed the Probation Office to file a report in response and include in the report the Government's position regarding the Defendant's request. (ECF No. 50). Probation filed its report on September 2, 2026. (ECF No. 51). The report specifically noted the Government's agreement that early termination is not appropriate. Although Sweet has, to date, fully complied with his probation, upon review of the request, the docket, and Probation's report, the Court denies the request for early termination of probation.

**DISCUSSION**

Sweet pleaded guilty to two counts of a six count indictment: Count 1, charging him with being an unlicensed dealer engaged in the business of manufacturing and dealing in firearms, in violation of 18 U.S.C. §922(a)(1)(A), 923(a) and 924(a)(1)(d); and Count 2, charging him with making a false statement to licensed firearms dealer, in violation of 18 U.S.C. §924(a)(1)(A). On February 13, 2025, Sweet appeared for sentencing and was sentenced to two years of probation on each count, run concurrently. He began his term of probation the same day, with an end date of February 13, 2027.

On August 20, 2026, Sweet filed his motion seeking early termination of his probationary term. He asserts he has successfully completed approximately 18 months of probation and has complied with all conditions imposed by the Court. Probation confirmed in its report that Sweet has reported for appointments, participated in skill development, and maintained employment.

Under 18 U.S.C. § 3564(c), "[t]he court, after considering the factors set forth in section 3553(a)...may, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, terminate a term of probation previously ordered and discharge the defendant...at any time after the expiration of one year of probation in the case of a felony, if it is satisfied that such action is warranted by the conduct of the defendant and the interest of justice." The Court has broad discretion in making this determination. *United States v. Hook*, 471 F.3d 766, 771 (7th Cir. 2006).

Although Sweet is statutorily eligible for early termination because he has served more than one year, eligibility alone does not justify relief. Courts have generally held that compliance with the terms of supervision, without more, is insufficient, as such compliance is expected of every defendant. *United States v. Bartak*, No. 10–CR–174, 2013 WL 3049226, at 2 (E.D. Wis. June 17, 2013). Instead, early termination is typically reserved for cases involving new or unforeseen circumstances or exceptionally good conduct. *United States v. Caruso*, 241 F. Supp. 2d 466, 468 (D.N.J. 2003); *United States v. Schrader*, No. 11–CR–13, 2013 WL 257208, at 2 (E.D. Wis. Jan. 23, 2013).

Sweet has complied with the general conditions of supervision, has paid his financial obligations (special assessment and fine), and is currently employed. But that is what is expected; and, he has not asserted any new or unforeseen circumstance that would make him a good candidate for early termination. Probation agrees that Sweet has been compliant with all

conditions, but the Officer notes that continued probation allows her to monitor Sweet's interactions with his stepfather and co-defendant, Jason Stuart ("Stuart"). Indeed, the Officer has supervised Sweet from pretrial release onward and reports that she has a unique awareness of the relationship between Sweet and Stuart. The Officer notes that Sweet acknowledged in this case that his relationship with his stepfather was important to him and that Stuart's influence shaped Sweet's offense conduct (in accepting responsibility, Sweet stated that he, "did what his dad asked him to do."). During his probationary term, Sweet had visits with Stuart while he was an inmate at the Residential Reentry Center. Stuart has recently been placed in the Federal Location Monitoring (FLM) program and is currently residing with Sweet. Probation believes that continued supervision to further develop Sweet's boundary setting skills is a necessary piece of his rehabilitative puzzle. The Government concurs with the Officer's assessment that early termination is not warranted.

Sweet's probation officer has a valid concern regarding Sweet's ability to set boundaries with Stuart and believes that continued supervision will help ensure that the reintegration of both Sweet and Stuart in the same household is a smooth one. The Court agrees with this assessment. With that said, the Court encourages Sweet to cross the finish line over the next 6 months on probation. Although he has demonstrated compliance, there is nothing extraordinary about his compliance to warrant the early termination of his probation. The Court finds that Sweet's successful completion of the full term of probation is in both his best interests and the interests of justice. The motion for early termination (ECF No. 49) is, therefore, DENIED.

**SO ORDERED** this 8th day of September 2026.

s/Holly A. Brady
CHIEF JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT